IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

AUG 04 2015

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

**SA15CA0657 RP**

EX PARTE
IN RE MATTHEW JAMAL JACKSON
BEXAR COUNTY DETENTION CENTER
200 N. COMAL
SAN ANTONIO, TX 78207

CAUSE NO. 2014-CR-1148
COURT D 379th
HONORABLE JUDGE RONALD RANGEL
PROSECUTING ATTORNEY
NICHOLAS LAHOOD

# WRIT OF HABEAS CORPUS IMPRISONED WITHOUT PROBABLE CAUSE

TO THE SAID HONORABLE COURT:

Now comes, Matthew Jamal Jackson, Petitioner herein in the above styled numbered cause of action and respectfully files his "writ of habeas corpus imprisoned without probable cause. Pursuant to Vernon's Ann C.C.P. Art 21.20, Art. 11.43 and Art. 51.14 Interstate Agreement on Detainers Act. A challenge to probable cause to hold defendant in custody to answer an accusation cannot be defeated in habeas corpus proceeding by mere showing of existence of such an accusation.

Writ of Habeas Corpus under Constitutional Article 1, §12 of the Texas Constitution, that the privilege to the writ of Habeas Corpus may never be suspended; SEE Townsend v. Sam 372 U.S. 293, 319 (1963). Petitioner invokes chapter 11 of the Texas Code of Criminal Procedure is a "Remedy By Law" AND DUE PROCESS "Review is constitutional Articles 1 §13,19 AND 1, §29 Texas Constitution. Petitioner would show the following in support:

## BRIEF DISCUSSION I

Petitioner contends he is wrongfully accused of an offense of Aggravated Robbery under Section 29.03 of the Texas Penal Code. Petitioner is falsely imprisoned and restrained of his liberty by virtue of Susan Pamerleau. The Sheriff of Bexar County in the Bexar County Detention Center.

i

Petitioner contends that he was illegally arrested without a probable cause in Bastrop, County Texas. Petitioner was charged and booked on charges of unauthorized use of a motor vehicle and evading arrest detention on September 28, 2013 for the information on complaint of Aggravated Robbery in Bexar County. Petitioner contends that he is innocent and did not commit a crime. Charges were dismissed against Petitioner on October 18, 2013 for unauthorized use of a motor vehicle and evading arrest detention. The complaint was filed on September 28, 2013 and Affidavit for Arrest Warrant was filed October 3, 2013 at 2:59pm sworn on oath by Affiant, Detective T. Wilson #2269 in the Magistrate Court number: 992601 SEE ATTACHED DOCUMENTS.

Petitioner contends that he should have never been charged with the offense of Aggravated Robbery because the information of the complaint alone is insufficient there is no evidence in this matter. Because Detective T. Wilson couldn't get a confession after Petitioner invoked his right to counsel, see Michigan v. Mosley 423 U.S. 96 103 (1975).

Petitioner was threaten by Detective T. Wilson after Detective walked out of the interrogation room in Bastrop, County Texas. Detective T. Wilson stated that he would charge Petitioner because he believe petitioner committed the crime.

Petitioner believes Law Enforcement officers manufactured fabricated the police report in Bastrop, County Texas. Petitioner believes this because Petitioners personal property was seized and search from inventory property room in Bastrop, County Texas without a warrant. The camera shows petitioner with petitioners personal property at Booking getting contact information to contact family members to notify family on exigent circumstances.

2

## II.

## PETITIONER CHALLENGES PROBABLE CAUSE FOR HIS CONTINUED DETENTION

Petitioner contends that after charges were dismissed in Bastrop County, Texas that he should have never been charged with the offense of Aggravated Robbery which makes criminal accusation against him twice Double Jeopardy. "The affidavit or complaint must set forth a sufficient basis upon which an independent finding of probable cause can be made by the Magistrate before the issuance of an arrest warrant." Petitioner, as stated above, does not challenge the probable cause for issuance of a warrant for arrest, nor for his arrest; he challenges probable cause for his continued detention; SEE Barnes v. Texas, 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818 (1965)

Petitioner contends that the State has failed to introduce sufficient evidence to show probable cause for his continued detention. The record reflects that Petitioner was arrested and charged by complaint and information with the offense of Aggravated Robbery, V.T.C.A., Penal Code Sec. 29.03 a felony.

The evidence introduced by the State consisted solely of the complaint and information filed against Petitioner and the Capias that was issued thereon. Art. 23.03, V.A.C.C.P. Petitioner produced no evidence.

3

Petitioner relies on Ex parte Wright, 138 Tex. Cr. R. 350, 136 S.W. 2d 212. In that case the accused petitioner challenged the existence of probable cause for his confinement. The State showed a complaint and warrant of arrest, but nothing more. With reliance on Art. 155, C.C.P. (1925), now Art. 11.42, V.A.C.C.P., which provides that in the hearing of a habeas corpus writ, "No presumption of guilt arises from the mere fact that a criminal accusation has been made before a competent authority," the Court in Wright found the complaint and arrest warrant insufficient to show probable cause for confinement and order the petitioner discharged.

"In Ex parte Wright, 138 Tex. Cr. R. 350, 136 S.W. 2d 212, the rule is announced that when one is held in custody, under complaint, and seeks release by habeas corpus, it is incumbent upon the state to introduce against him sufficient evidence to show probable cause for holding him in custody and if the complaint alone is insufficient, as it is, then the prosecutorial act of filing an information upon that complaint (Art. 21.20, V.A.C.C.P.) adds nothing in the way of evidence of probable cause to believe the accused to be guilty of a criminal act. Wright remains unrepealed on the statute books.

Likewise, the issuance of a capias upon a summons in felony charges, being a ministerial act (Art 23.03, V.A.C.C.P.), adds nothing toward proof of facts showing probable cause; SEE ALSO Ex parte Garica 547 S.W. 2d 271 (Tex. Cr. App. 1977)

4

By authority of Article 11.43, supra, the evidence in this case is insufficient as a matter of state law to discharge the State's burden. We conclude that the State has failed "to discharge the burden of proving the existence of facts from which it appeared that the petitioner is guilty of any criminal act...." Ex parte Guynn, 116 Tex. Cr. R. 121, 32 S.W. 2d 187.

Due Process Clause forbids a state from convicting a person of a crime without proving the elements of that crime beyond a reasonable doubt; See Binkley v. Florida, 538 U.S. 835, 155 L.Ed. 2d 1046, 123 S. Ct. 2020 (2003).

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court grant his Petition Writ of Habeas Corpus Imprisoned without probable cause justice is render and he is released and discharge from illegal confinement of his liberty.

Respectfully Submitted,
Matthew Jamal Jackson
Bexar County Detention Center
200 N. Comal
SAN ANTONIO, TX 78207

*[signature]*

5

STATE OF TEXAS  
VS:  
MATTHEW JAMAL JACKSON  

CAUSE NO. 2014-CR-0148

IN THE DISTRICT COURT  
D379th JUDICIAL DISTRICT  
BEXAR COUNTY, TEXAS

# PETITION APPLICATION FOR WRIT OF HABEAS CORPUS TO DISMISS FOR FAILURE TO PROVIDE CONSTITUTIONAL SPEEDY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes NOW MATTHEW JAMAL JACKSON Petitioner in the above entitled and numbered cause, called applicant through PRO-SE AND FILES this his petition and Application for WRIT OF HABEAS CORPUS TO DISMISS FOR FAILURE TO PROVIDE CONSTITUTIONAL SPEEDY TRIAL and would show the court the following:

## I.

PETITIONER HAS BEEN LIVING IN BEXAR COUNTY DETENTION CENTER, SINCE THE FILING OF THE CHARGE, ON THE 28 DAY OF September, 2013 AND HAS BEEN AWAITING TRIAL ON SAID CHARGE.

PETITIONER HAS AT ALL TIMES, SINCE HIS ARREST BEEN AVAILABLE FOR TRIAL, BUT THE STATE HAS FAILED TO EXERCISE DUE DILIGENCE IN PREPARING FOR TRIAL.

## II.

PETITIONER HAS, BEEN PREJUDICED, BY THE STATE'S UNREASONABLE, DELAY BECAUSE OF UNAVAILABLE FACTS DUE TO THIS CAUSE.

THE STATES FAILURE TO PROVIDE A SPEEDY TRIAL IS IN DIRECT VIOLATION OF THE SIXTH, AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ART 1. SECTION, 10 OF THE TEXAS CONSTITUTION AND ART. 1.05 OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

## III.

PETITIONER HAS BEEN DENIED A FAIR TRIAL, DUE TO INEFFECTIVE ASSISTANCE OF STATE APPOINTED COUNSEL AS WELL; ITS A VIOLATION OF THE SIXTH AMENDMENT BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT. "THE RIGHT TO COUNSEL IS THE RIGHT TO EFFECTIVE ASSISTANCE." McMann v. Richardson, 397 U.S. 759, 771, n. 14, 90 S. Ct. 1441, n. 14, 25 L.Ed. 2d 263 (1970); Eddings v. Oklahoma, Supra, 455 U.S. at 112, 102 S.Ct. at 875 (quoting Woodson v. North Carolina, 428 U.S. 280, 304, 96 S. Ct. 2978, 2991, 49 L. Ed. 2d 944 (1976).

(1) INDIGENTS RIGHT TO APPOINTED COUNSEL

(A) CANNOT BE ASSURED A FAIR TRIAL UNLESS COUNSEL IS APPOINTED TO HIM AND COUNSEL PROVIDES EFFECTIVE ASSISTANCE OF COUNSEL; see GIDEON v. WAINWRIGHT, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed. 2d 799 (1963)

(B) AN APPOINTED ATTORNEY SHALL REPRESENT THE DEFENDANT UNTIL CHARGES ARE DISMISSED, THE DEFENDANT IS ACQUITTED APPEALS ARE EXHAUSTED. VERNON'S ANN'S. C.C.P. ART 26

## IV.

PETITIONER'S CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED, RESULTING IMPAIRMENT TO HIS DEFENSE AND IN UNDUE OPPRESSION AND CONCERN.

## V.

GROUNDS FOR RELIEF OF DISMISSAL

(1) CONSTITUTION RIGHTS SERIOUSLY VIOLATED

(A) PRESENCE OF COUNSEL SERVES TO INSURE TRUSTWORTHINESS SEE UNITED STATES v. WADE, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed. 2d 1178 (1967); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (1967); Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 2d 1247 (1968). Findings Served by Sixth AMENDMENT.

(B) PETITIONER'S REQUEST FOR DISCOVERY, AND INSPECTION AND EXISTING TRANSCRIPT NOT PROVIDED.

## RELIEF

Dismissal is the only possible remedy for deprivation of constitutional right to speedy trial; Struck v. United States 412 U.S. 434, 93 S. Ct. 2260; Baker v. Wingo 407 U.S. at 531, 92 S. Ct. at 2192.

## CONFLICTS OF INTEREST

PETITIONER HAS REQUESTED TRIAL AT EVERY OPPORTUNITY AND ATTORNEY FOR PETITIONER IS ONLY TRYING TO PLEAD BARGAIN. PETITIONER HAS ASSERTED HIS RIGHT TO A CONSTITUTIONAL SPEEDY TRIAL.

REPRESENTATION OF A CRIMINAL DEFENDANT ENTAILS CERTAIN BASIC DUTIES. COUNSEL'S FUNCTION IS TO ASSIST THE DEFENDANT, AND HENCE COUNSEL OWES THE CLIENT A DUTY OF LOYALTY, A DUTY TO AVOID CONFLICTS OF INTEREST. SEE CUYLER V. SULLIVAN, SUPRA, 446 U.S., at 346, 90 S. Ct., at 1717; FROM COUNSEL'S FUNCTION AS ASSISTANT TO THE DEFENDANT DERIVE THE OVERARCHING DUTY TO ADVOCATE THE DEFENDANT'S CAUSE AND THE MORE PARTICULAR DUTIES TO CONSULT WITH THE DEFENDANT ON IMPORTANT DECISIONS AND TO KEEP THE DEFENDANT INFORMED OF IMPORTANT DEVELOPMENTS IN THE COURSE OF THE PROSECUTION. COUNSEL ALSO HAS A DUTY TO BRING TO BEAR SUCH SKILL AND KNOWLEDGE AS WILL RENDER THE TRIAL A RELIABLE ADVERSARIAL TESTING PROCESS. SEE POWELL V. ALABAMA, 287 U.S., at 68-69, 53 S. Ct., at 63-64.

## VI

WHEREFORE, PREMISES CONSIDERED PETITIONER PRAYS THE COURT TO GRANT THIS PETITION, FOR WRIT OF HABEAS CORPUS AND THAT COURT CONDUCT A HEARING SO, THAT THE COURT ACQUIT THE PETITIONER AND DISMISS THE CASE.

Respectfully Submitted

Matthew Jamal Jackson
Bexar County Detention Center
200 N. COMAL
SAN ANTONIO, TX 78205
SID # 1016145
AJ#25 6th Floor

*[signature]*
PETITIONER
PRO-SE

*[signature]*

*[Notary seal: SANDRA LNN MALLOY, NOTARY PUBLIC, STATE OF TEXAS, My Comm. Exp. 02-22-2009]*

July 20, 2015

Cause NO. 2014-CR-0148

| THE STATE OF TEXAS | IN THE DISTRICT COURT |
| --- | --- |
| VS. | 0379th JUDICIAL DISTRICT |
| MATTHEW JAMAL JACKSON | BEXAR COUNTY, TEXAS |

### AFFIDAVIT

I have request from my Attorney Vincent D. Callahan over and over for a copy of my discovery in which he has failed to give me. In all criminal prosecutions the accused shall have a speedy trial by impartial jury. Shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself, and shall have the right of being heard by himself or counsel, or both shall confronted by the witnesses against him and shall have compulsory process for obtaining witnesses in his favor, except that when the witnesses resides out of the state and the offense charged is a violation of any of the Anti-trust laws of this state, the defendant and the State shall have the right to produce.

_____
AFFIANT

STATE OF TEXAS * * * * *

COUNTY OF BEXAR * * * *

ON THIS 16 DAY OF June, 2015, PERSONALLY APPEARED BEFORE ME Matthew Jamal Jackson WHO STATED UNDER OATH THAT THE ABOVE AND FOREGOING INFORMATION CONTAINED IN THE AFFIDAVIT IS TRUE AND CORRECT.

SWORN TO AND SIGNED BEFORE ME ON THIS THE 16th DAY OF June, 2015.

_____
NOTARY PUBLIC

SANDRA LNN MALLOY
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 02-22-2019

THE STATE OF TEXAS
VS
MATTHEW JAMAL JACKSON

CAUSE NO. 2014-CR-0148

IN THE DISTRICT COURT
D 379th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

# MOTION FOR SPEEDY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MATTHEW JAMAL JACKSON, DEFENDANT, THROUGH COUNSEL OF RECORD IN THE ABOVE STYLED AND NUMBERED CAUSES AND FILES THIS MOTION FOR SPEEDY TRIAL AND IN SUPPORT OF SAID MOTION WOULD SHOW THE COURT AS FOLLOWS:

1.) AN INDICTMENT IN THIS ACTION HAS BEEN PRESENTED, WITH NO TRIAL DATE HAVING BEEN SET IN THE ABOVE STYLED AND NUMBERED CAUSES. DEFENDANT HAS BEEN DETAINED OF HIS LIBERTY FOR 20 MONTHS NOW AND DEFENDANT ASSERTS HIS RIGHT TO A SPEEDY TRIAL. SEE COUNTY V. STATE, 812 S.W. 2d 303, 310 (Tex. Crim. App. 1989).

2.) ON THE 25 DAY OF October, 2013, DEFENDANT WAS CHARGED WITH THE FELONY OFFENSE Aggravated Robbery, A VIOLATION OF THE TEXAS PENAL/HEALTH & SAFETY CODE, WHICH WAS ALLEGED TO HAVE BEEN COMMITTED ON THE 28 DAY OF September, 2013.

3.) DEFENDANT WAS ARRESTED ON THE 28 DAY OF September, 2013, AND CONFINED IN THE BEXAR COUNTY ADULT DETENTION CENTER, SAN ANTONIO, TEXAS TO AWAIT TRIAL ON SAID CHARGE. DEFENDANT'S BOND IS OVER EXCESSIVE HAS BEEN DENIED REASONABLE BOND BECAUSE DEFENDANTS MOTION FOR EXCESSIVE BAIL HAS NOT BEEN GRANTED. DEFENDANT HAS BEEN CONFINED FOR 660 DAYS AWAITING TRIAL AND AT ALL TIMES DURING HIS CONFINEMENT. DEFENDANT HAS BEEN READY FOR TRIAL.

4.) DEFENDANT SEEKS A SPEEDY TRIAL IN ORDER THAT JUSTICE MAY BE SERVED THAT HE BE AFFORDED DUE PROCESS AND DUE COURSE OF LAW AS RESPECTIVELY GUARANTEED BY THE UNITED STATES AND TEXAS CONSTITUTIONS; SEE BARKER V. WINGO, 92 S. CT. 2182 (1972). DEFENDANT ASSERTS THAT ANY FURTHER DELAY WOULD RESULT IN IRREPARABLE HARM DUE TO THE LOSS OF WITNESSES NECESSARY TO HIS DEFENSE. THE PROSECUTIONS DELIBERATELY NEGLIGENCE TO HAMPER THE DEFENSE IS DELIBERATELY INTENTIONALLY AND KNOWINGLY TO IRREPARABLE HARM BECAUSE THE STATE IS NOT EXERCISING DUE DILIGENCE. SEE HULL V STATE 699 S.W. 2d, 220, 220-24 (Tex. Crim. App 1985); SEE Easley v. State, 564 S.W. 2d 742, 744 (Tex. Crim. App. 1978); SEE ALSO State v. DeBlanc, 858 S.W. 2d 19, 21 (Tex. App.-Beaumont 1993)

Barker v. Wingo, 407 U.S. 514, 92 S. Ct 2182, 33 L. Ed. 2d 101 (1972) 407 U.S. at 531, 92 S. Ct. at 2192.

5.) DEFENDANT REQUEST THAT TRIAL IN THESE MATTERS BE SET WITHIN 180-CALANDER DAYS OF RECIEPT OF SAID MOTION, AS AFFORDED TO HIM THROUGH THE INTERSTATE AGREEMENT ON DETAINERS ACT. UNDER TEXAS LAW, THE 180 DAY PERIOD IN WHICH AN INMATE AGAINST WHO A DETAINER HAS BEEN LODGED MUST BE PROSECUTED BEGINS TO RUN WHEN INMATES REQUEST FOR DISPOSITION OF PENDING CHARGES IS DELIVERED TO PROSECUTING ATTORNEY AND TO COURT OF JURISDICTION WHERE DETAINER IS LODGED; SEE BIRDWELL v. SKEEN, E.D. TEX. 1991, 765 F. Supp. 1270.

For the reasons stated herein MATTHEW JAMAL JACKSON, Defendant respectfully request that the court grant his motion. Defendant is requesting dismissal on the grounds that defendant has been denied his Constitutional Right to a Speedy Trial with 180-Calander Days through the Interstate Agreement on Detainers Act; SEE Struck v. United States 412 U.S. 434, 93 S. Ct. 2260, Constitutional right to speedy trial U.S.C.A. Const. Amend 6.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, DEFENDANT MOVES THAT THIS CASE BE DISMISSED.

Respectfully Submitted
Matthew Jamal Jackson
BEXAR COUNTY DETENTION CENTER
200 N. COMAL
SAN ANTONIO, TX 78207

### CERTIFICATE OF SERVICE

I hereby certify that a copy of defendant's Motion For Speedy Trial has been delivered to the District Attorney's Office; Justice Center 300 Dolorosa, San Antonio, Texas on this 20 day of July, 2015.

Matthew Jamal Jackson



Sandra Lynn Malloy
SANDRA LNN MALLOY
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 02-22-2019

July 20, 2015

STATE OF TEXAS   CAUSE NO. 2014-CR-0148   IN THE DISTRICT COURT
V                                         D379th JUDICIAL DISTRICT
MATTHEW JAMAL JACKSON                     BEXAR COUNTY, TEXAS

# SUPPLEMENTAL DEMAND FROM DEFENDANT TO ATTORNEY OF RECORD TO FILE AND SIGN MOTIONS/HABEAS CORPUS PER ATTORNEY CLIENT AGREEMENT

I, Matthew Jamal Jackson, Defendant, request my Attorney of record Vincent D. Callahan to file and sign the following Motions/Habeas Corpus.

On Principal:
1. MOTION FOR DISCOVERY
2. MOTION FOR DISCOVERY OF EXCULPATORY AND MITIGATING EVIDENCE
3. MOTION FOR DISCOVERY OF ARREST AND CONVICTION RECORDS OF STATE'S WITNESS
4. MOTION IN LIMINE
5. MOTION PERJURY MOTION HEARING
6. MOTION TO SUPPRESS
7. MOTION FOR SUPPRESS ILLEGAL ARREST
8. MOTION FOR EXAMINING TRIAL
9. MOTION TO SUPPRESS IDENTIFICATION TESTIMONY
10. MOTION FOR FRANKS HEARING
11. MOTION FOR WADE HEARING
12. MOTION TO SUPPRESS ILLEGAL SEARCH
13. MOTION FOR INSPECTION COPY TO PRODUCE GRANDJURY TESTIMONY
14. MOTION TO VIEW - GRANDJURY IN CAMERA THAT RETURNED INDICTMENT AND HEAR ORAL RECORDS OF GRANDJURY FOREMAN
15. MOTION TO DISMISS - ILLEGAL FILING OF POLICE REPORT TO OBTAIN AN INDICTMENT
16. MOTION TO DISMISS FOR FAILURE TO PROVIDE CONSTITUTIONAL SPEEDY TRIAL
17. PRETRIAL PETITION FOR WRIT OF HABEAS CORPUS
18. MOTION FOR WITNESS LIST
19. MOTION TO DISCLOSE EXPERTS
20. DEFENDANT'S REQUEST FOR NOTICE OF STATE'S INTENTION TO USE EVIDENCE OF EXTRANEOUS OFFENSES AT TRIAL
21. PETITION APPLICATION FOR WRIT OF HABEAS CORPUS TO DISMISS FOR FAILURE TO PROVIDE CONSTITUTIONAL SPEEDY TRIAL
22. WRITTEN OBJECTIONS TO THE COURT'S CHARGE
23. PETITION FOR WRIT OF HABEAS CORPUS EXCESSIVE BAIL
24. FOURTH COURT OF APPEAL'S PETITION FOR MANDATE AND APPLICATION FOR MANDATE
25. MEMORANDUM OF LAW IN SUPPORT DEFENDANT'S MOTION FOR DISMISSAL FOR STATE'S FAILURE TO PROVIDE A CONSTITUTIONAL SPEEDY TRIAL
26. MEMORANDUM OF LAW IN SUPPORT DEFENDANT'S MOTION FOR FRANKS HEARING
27. MOTION TO RETURN PROPERTY
28. MOTION TO PRODUCTION OF GRANDJURY Transcripts.

This request arises from the Attorney's Obligations under the Texas Disciplinary Rules of Professional Conduct: Rule 1.01, Rule 1.02, and Rule 1.06

Respectfully Submitted

Matthew Jamal Jackson
Bexar County Detention Center
200 N. COMAL
SAN ANTONIO, TEXAS 78207
SID# 1018145
AJ#25
6th Floor

*[Notary seal: SANDRA LNN MALLOY, NOTARY PUBLIC, STATE OF TEXAS, My Comm. Exp. 02-22-2019]*
July 13, 2015