UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW JAMAL JACKSON,<br>　　　Petitioner,<br><br>v.<br><br>SUSAN PAMERLEAU,<br>RONALD RANGEL, and<br>NICHOLAS LAHOOD,<br>　　　Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action<br>No. SA-15-CA-657-RP |

**ORDER**

Before the Court are Petitioner Matthew Jackson's Petition for a Writ of Habeas Corpus (Document 1); Motion to Set Aside Indictment (Document 7); Motion to View – Grand Jury in Camera that Returned Indictment and Hear Oral Recordings of Grand Jury Foreman in this Case (Document 8); Response to this Court's Show Cause Order (Document 11); and Affidavit Motion for Jurisdiction Hearing (Document 13).

Jackson currently is being held in the Bexar County Adult Detention Center on charges of aggravated robbery. In his petition, Jackson alleges he has been wrongfully accused of that crime, and the State lacks probable cause to continue his improper detention. On August 7, 2015, this Court ordered Petitioner to show cause why his petition under 28 U.S.C. § 2241 should not be dismissed for failure to exhaust his state remedies (Document 6).

Before filing a petition under § 2241, the petitioner must exhaust the remedies available in state court. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Exhaustion under § 2241 requires that the petitioner "fairly present[]" all of his claims to the state courts before pursuing federal habeas relief.

*Dickerson*, 816 F.2d at 228 (quoting *Picard v. Connor*, 404 U.S. 270, 275–76 (1971)) (addressing petition under § 2241 filed by a state pre-trial detainee).

In his response, Petitioner does not allege that he has exhausted his state remedies or explain why he has not presented his claims to the state courts. Instead, Petitioner restates the claims from his petition, many of which do not reference a violation of the Constitution or laws of the United States.

It is therefore **ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus under § 2241 (Document 1), filed by Petitioner on August 4, 2015, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state remedies.

It is further **ORDERED** that Petitioner's Motion to Set Aside Indictment (Document 7), filed by Petitioner on August 7, 2015, is **DISMISSED AS MOOT**.

It is further **ORDERED** that Petitioner's Motion to View – Grand Jury in Camera that Returned Indictment and Hear Oral Recordings of Grand Jury Foreman in this Case (Document 8), filed by Petitioner on August 7, 2015, is **DISMISSED AS MOOT**.

It is further **ORDERED** that Petitioner's Affidavit Motion for Jurisdiction Hearing (Document 13), filed by Petitioner on August 25, 2015, is **DISMISSED AS MOOT**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED** on August 27, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE